**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**CHRISTOPHER ROBINSON**                                                    **PLAINTIFF**
**ADC #164517**

**V.**                                          **NO: 5:17CV00101 JLH/PSH**

**W. BROOKS,** *et al.*                                                     **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

      The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

      Plaintiff Christopher Robinson ("Robinson"), an inmate at the Arkansas Department of Correction's Varner Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated because he was not allowed to leave his cell for exercise for periods ranging from nine days to two weeks. *See* Doc. No. 2. Robinson claims the lack of exercise worsened his mental health issues and caused him to need his inhaler more often because he was upset. *Id.* at 5. For the reasons described herein, the undersigned finds he fails to describe facts sufficient to state a claim for relief.

## I.  Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level.  *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Robinson claims that his constitutional rights were violated because he was not let out of his cell for exercise for at least one hour per day for periods ranging from nine days to two weeks.  Doc. No. 2 at 4.  Because it is unclear whether Robinson claims due process or Eighth Amendment violations, the Court will apply the standards for each in determining whether he states a claim for relief.

*Due Process.*  In general, an inmate has no liberty interest in avoiding segregation, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995).  The Eighth

Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Kennedy v. Blankenship,* 100 F.3d 640 (8th Cir. 1996) (30 days punitive isolation and loss of telephone, visitation, commissary privileges not atypical and significant hardships); *Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996) (no liberty interest arose when plaintiff served 45 days in administrative confinement before disciplinary decision reversed); *Richardson v. Pevey et al.*, Case No. 5:12CV00096, 2012 WL 1167086, recommendation adopted 2012 WL 1185977 (E.D. Ark. April 6, 2012) (unpublished opinion) (no protected liberty interest when inmate served 30 days in punitive isolation and commissary, telephone, and visitation privileges were suspended for 60 days). Although a lengthy period of segregation may, depending on the conditions, give rise to due process protections, *see Williams v. Norris*, 277 Fed. App'x. 647, 648 (8th Cir. 2008) (unpublished per curiam) (approximately 12 years in administrative segregation was atypical and significant hardship), shorter periods of segregation do not. *See Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 2008) (unpublished per curiam) (four days locked in housing unit, 30 days in disciplinary segregation, and approximately 290 days in administrative segregation not an atypical and significant hardship). Further, a "[l]ack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). However, short-term deprivations are generally not sufficient to state a constitutional violation. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (37 days without exercise was not an atypical and significant hardship on the inmate in the context of normal prison life). Robinson alleges he was denied the ability to get out for fresh air and exercise for periods ranging from nine days to two weeks; these facts are insufficient to state a due process claim.

*Eighth Amendment.*  In order to support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions.  *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993).  The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'  . . .  The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner."  *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)).  "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment."  *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).  Robinson has not alleged facts showing that he was denied life's necessities such as food, shelter, and water or that he has suffered the unnecessary or wanton infliction of pain.  His inability to leave his cell for exercise for relatively short periods does not violate the Eighth Amendment.  *See Phillips, supra* (37 days without exercise was not an Eighth Amendment violation).

*No Injury Alleged.*  Under the Prison Litigation Reform Act, a prisoner must show an actual physical injury as opposed to mental or emotional injury to sustain a claim for relief.  *See* 42 U.S.C. § 1997e(e).  Robinson does not allege any injury to his health resulting from his claimed inability to exercise other than it has negatively impacted his mental health and caused him to need his inhaler more often because he became upset.  This is insufficient to state a constitutional claim.

## III.  Conclusion

For the reasons stated herein, it is recommended that:

1.      Robinson's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 24th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE